IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOFLIFTERS, LLC | ) |
| Plaintiff, | ) |
| v. | ) 13 C 3251 |
| NAUTILUS INSURANCE COMPANY | ) Judge Virginia M. Kendall |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In November 2012, Plaintiff Rooflifters, LLC filed a two-count Complaint in the Circuit Court of Cook County, Chancery Division, seeking declaratory judgment and alleging breach of contract against Nautilus Insurance Company. On April 30, 2013, Nautilus filed a Notice of Removal to this Court based on diversity jurisdiction. On May 30, 2013, Rooflifters filed a Motion to Remand on the basis that Nautilus's Notice of Removal was not timely filed pursuant to the federal removal statute, 28 U.S.C. § 1446. The Court granted Rooflifters' Motion to Remand, finding that the Notice of Removal was filed more than 30 days after Nautilus was served with the pleadings and that those pleadings gave Nautilus sufficient "clues" that the case may be removable under 28 U.S.C. § 1332 based on diversity of citizenship. The Court entered an order remanding the case the same day but did not send a certified copy of the remand order to the Circuit Court of Cook County.

After ruling on the motion, the Court struck the Motion hearing date previously scheduled for June 5, 2012. Nevertheless, Counsel for Nautilus appeared before the Court on June 5 seeking to respond to the Plaintiff's Motion to Remand. Nautilus argued that its Notice of Removal was timely filed because it received the information that formed the basis for removal

1

on April 8, 2013, less than thirty days before filing the Notice. The Court granted Nautilus's oral motion to respond and entered a full briefing schedule on July 9, 2013. In the interim, Rooflifters filed a Motion Seeking Transmittal of a Remand Order to State Court arguing that this Court is barred from reconsidering its June 5 Order granting Rooflifters' Motion to Remand. For the reasons stated below, the Court vacates its previous Order remanding this case to the Circuit Court of Cook County and denies as moot Rooflifters' Motion Seeking Transmittal of the Remand Order to State Court.

## DISCUSSION

There are two issues presently before the Court: first, the Court must address the threshold issue of whether it may reconsider its previous Order remanding the case to the Circuit Court of Cook County; if so, the Court must then determine whether Nautilus's Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b)(3), which allows a defendant, under limited circumstances, to file its Notice of Removal after the 30-day period following service of the complaint.

### I. The Court Maintains Jurisdiction to Reconsider its Previous Order Remanding the Case to State Court

Ordinarily a district court has the inherent power to reconsider or vacate its own orders. However, because of the rule that a federal court is divested of jurisdiction once a case has been remanded, *United States v. Rice*, 327 U.S. 742, 749 (1946), remand orders are different. The general rule prohibiting the review of remand orders is set forth in 28 U.S.C. § 1447, which provides in pertinent part:

> (c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the remand order shall be mailed by its clerk to

> the clerk of the State Court. The State Court may thereupon proceed with such case.
>
> (d) An order remanding a case to the State Court from which it was removed is not reviewable on appeal or otherwise …

28 U.S.C. § 1447(c)-(d).

Rooflifters argues that the Court, having already entered an order remanding the case to state court, no longer has the power to reconsider its previous remand order. Although the Seventh Circuit has not addressed the issue, the majority of courts have found that two things must happen before a district court is divested of its jurisdiction to reconsider a remand order: (1) the order of remand must be entered; and (2) a certified copy of the order must be, at the very least, mailed to the state court. *See Bryan v. BellSouth Comm'ns, Inc.*, 492 F.3d 231, 235 n.1 (4th Cir. 2007) ("A remand is effective when the district court mails a certified copy of the remand order to the state court … or, if the remand is based on the lack of subject matter jurisdiction, when the remand order is entered."); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995) ("But the physical mailing of the certified copy [of the remand order] is the key jurisdictional event to divest the district court of jurisdiction, because a remand order is not self-executing."); *Boone Coal and Timber Co. v. Polan*, 787 F.2d 1056, 1060 (6th Cir. 1986) (The federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court."); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984) (same); *Federal Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) ("[O]nce a district court has decided to remand a case *and has so notified the state court*, the district judge is without power to take any further action.") (emphasis added); *Bucy v. Nevada Const. Co.*, 125 F.2d 213, 217 (9th Cir. 1942) (district court could review and set aside its own erroneous remand order before filing of certified copy of order in state court because remand order is not self-

executing); *see also Pio v. General Nutrition Companies, Inc.*, 488 F.Supp.2d 714, 715 (N.D. Ill. 2007) ("[W]hen an order of remand is entered *and* a certified copy is mailed to the state court, the district court is divested of further jurisdiction.") (emphasis added); *Cook v. J.C. Penny Co., Inc.*, 558 F.Supp. 78, 79 (N.D. Ia. 1983) ("However, the federal court is not completely divested of jurisdiction to reconsider or vacate the order of remand until the order of remand has been entered and a certified copy of the order has been mailed to the clerk of the state court …. [A]s of this date, no such copy has been sent. Thus, this court has not been divested of jurisdiction and may reconsider the order of remand.") (citations omitted); 14 Wright, Miller & Cooper, Federal Practice and Procedure 3739, 764–65 ("An order of remand ends the jurisdiction of the federal court. The court is required to mail a certified copy of the order to the clerk of the state court, *and upon the state court's receipt of this copy*, the federal court is without power to vacate the remand order, even if it is persuaded that the order was erroneous."); *cf. Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988) (*Bucy* held only that a court may correct an error before the order is certified to the state court. We stated in *Bucy* that it was doubtful a court could vacate a remand order after certification.").

The Court located one decision to the contrary. *See Clayton v. Clayton*, 85 C 9908, 1986 WL 12293, at *2 (N.D. Ill. Oct. 29, 1986) (holding that federal court no longer had jurisdiction after entering order remanding case notwithstanding that no certified copy of the remand order had been sent to the state court, finding that a district may not reconsider its order simply because a "ministerial function" by the court clerk has not been performed). However, in light of the overwhelming case law holding otherwise, the Court does not find *Clayton* persuasive in this regard. Indeed the language § 1447 itself suggests that the mailing of the certified copy is not an empty ministerial task but a substantive trigger that allows the state court to resume the case. *See*

4

28 U.S.C. § 1447(c) ("A certified copy of the remand order shall be mailed by its clerk to the clerk of the State Court. The State Court may *thereupon* proceed with the case.") (emphasis added).

Rooflifters argues that any jurisdiction this Court retains after entering an Order of Remand but before mailing a certified copy to the state court is merely a "formal jurisdiction" that does not empower the Court to reconsider the Order. Rooflifters cites to no case, nor could this Court locate any, suggesting that a so-called "formal jurisdiction"—essentially a "jurisdictional limbo" because § 1447 also prohibits the state court from proceeding without a certified copy—comes into being after a district court enters an order of remand but before the state court receives a certified copy of the order. Rather, the plain language of § 1447 and the overwhelming weight of legal precedent make clear that this Court may reconsider an order remanding a case to state court at least until it mails a certified copy of the order to the clerk of the state court. Accordingly, the Court may reconsider whether Nautilus's April 30 Notice of Removal was timely filed because a certified copy of the remand order has not been mailed.

## II. Nautilus's Notice of Removal was Timely Filed

The federal removal statute provides that a defendant must file its notice of removal within 30 days after service of the Complaint. 28 U.S.C. § 1446(b). If the removability of the case is unclear from the face of the pleadings and attached documents, it is the defendant's obligation to promptly investigate whether the case may ultimately be removed. *See Camacho v. Satco*, 12 C 1256, 2012 U.S. Dist. LEXIS 145588, at *2 (N.D. Ill. Oct. 4, 2012) ("As numerous cases in this circuit have noted, complaints that provide a clue as to citizenship give rise to a defendant's duty to promptly inquire as to the plaintiff's citizenship.") (citing *Takacs v. Great Lakes Psychological Servs., Inc.*, No. 96 C 3130, 1996 WL 288636, at *4 (N.D. Ill. May 30,

1996), and *Kanter & Eisenberg v. Madison Assocs.*, 602 F.Supp. 798, 801 (N.D. Ill. 1985)) (unavailable through Westlaw); *see also Marrs v. Quickway Carriers, Inc*., No. 06 C 1713, 2006 WL 2494746, at *2 (N.D. Ill. Aug. 23, 2006) (recognizing that "[r]esidence and citizenship are not synonyms and that it is the latter that matters for the purposes of diversity jurisdiction" but finding that "a defendant desiring removal has the duty to scrutinize the initial pleadings for any basis for diversity jurisdiction, and, allegations of residency provide[] ample clues") (quoting *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and *Roberson v. Orkin Exterminating Co., Inc.*, 770 F.Supp. 1324, 1328 (N.D. Ind. 1991)). Under such circumstances, a notice of removal may be filed within 30 days after the defendant receives "a copy of an amended complaint, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3).

Nautilus was unable to remove this matter to federal court based on the pleadings and attachments served upon it in November 2012. As the party invoking federal jurisdiction, Nautilus bore the burden of demonstrating the requirements set forth in § 1322 were met at the time it filed its Notice of Removal. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) ("The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). For the purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Accordingly, where a plaintiff is an LLC, the defendant seeking to remove a state court matter to federal court must identify each of the plaintiff's members and their respective citizenships in its Notice for Removal. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534–35 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its

members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Indeed courts in this district have warned against the filing of premature notices of removal based upon the mere possibility that diversity jurisdiction may exist. *See, e.g., F.H. Paschen, SN Nielsen & Assoc. v. Gillen*, No. 12 C 179, 2012 WL 130125, at *3 (N.D. Ill. Jan. 17, 2012) (awarding attorney's fees and costs to plaintiff where defendant, despite the "well-established rule" that "the citizenship of a joint venture turns on the citizenship of each of [the] member of the Joint Venture," filed notice of removal alleging only that " 'there is complete diversity of citizens in this case' because Defendant is a citizen of Wisconsin, and Plaintiffs are 'an Illinois joint venture with its principle place of business' in Illinois" without stating the citizenship of each member of the joint venture); *MTC Development Group, LLC v. Lewis*, No. 11 C 7062, 2011 WL 5868236, at *3 (N.D. Ill. Nov. 20, 2011) (finding "defendants' statement in their notice of removal that 'the Complaint alleges that Plaintiff MTC is a Delaware Limited Liability Company with its principal offices in Illinois' … essentially meaningless for jurisdictional purposes" and awarding attorney's fees and costs to plaintiff because defendants' attempt to remove case without stating the citizenship of the LLC members was "objectively unreasonable").

In this case, the pleadings contained no information regarding the identity, much less the citizenship, of any members of Rooflifters, LLC. However, by identifying Rooflifters as a limited liability company based in Miami, Florida and chartered under Florida law, the attachments to the pleadings provided Nautilus with "clues" to investigate the possibility of removal. Armed with these clues, Nautilus immediately sought to obtain information regarding the citizenship of the LLC members. First, Nautilus consulted the Florida Division of Corporations ("FDC") website in an effort to ascertain the identity and citizenship of each

member of Rooflifters, LLC. (Pl. Resp., Ex. 1.) While the FDC listed a Mason Harris and Martin Shiff as "managers" of the LLC, it said nothing of the LLC's members. (*Id.*) After being unable to deterime the citizenship of the LLC members through its own investigation, Nautilus wrote to Rooflifters. On December 27, 2012, still within thirty days of service of the initial complaint, Nautilus advised Rooflifters that it was investigating the potential for removal and requested the names and addresses of each member of the LLC. (*Id.*, Ex. 3.) Nautilus explained that this information was necessary in order to establish diversity of citizenship. (*Id.*)

On January 3, 2013, after the expiration of the thirty-day period for filing a Notice of Removal, Rooflifters responded to Nautilus's request by providing a copy of the documentation available on the FDC website, including Rooflifters' annual report. (*Id.*, Ex. 4.) These documents (which Nautilus had obtained previously through its own investigation) identified Martin Shiff and Mason Harris as "managing members/managers" of Rooflifters, LLC. Nautilus replied the following day and explained that the documentation provided did not appear to identify *all* members of the LLC, nor did it identify the residential addresses of the "managing members/managers." (*Id.*, Ex. 5.) Nautilus again requested a list of each member of Rooflifters, LLC as well as each member's residential address. (*Id.*) Rooflifters does not appear to have responded to the request, prompting Nautilus to follow up on January 14, 2013. (*Id.*, Ex. 6.) Rooflifters responded to the follow-up request by stating that it did not understand what information was being requested and asked for further explanation. (*Id.*, Ex. 7.) In the same communication, Rooflifters identified Mason Harris and "Rooflifters Holding Corp." as "owners" of Rooflifters, LLC. (*Id.*)

In an email dated January 29, 2013, Nautilus explained for the third time exactly what information was being requested and why:

1. **Please confirm the identity of all of the "members" of Rooflifters, LLC.** It is still unclear who the actual members of the LLC are at this time, and this information is not available in public records. In other words, are the only members Mr. Harris and Rooflifters Holding Corp, based on being "owned" by these two (does ownership, as you use this term equate to being a member)? Is Mr. Shiff also a member of Rooflifters, LLC? Are there any other members of Rooflifters, LLC? We ask that you provide a list of all the members of Rooflifters, LLC.

2. **In the event that Rooflifters Holding Corp. is a "member" of Rooflifters, LLC, we request that you provide us with the state of incorporation and the principal place of business for Rooflifters Holding Corp.** As you are aware, for diversity purposes, the citizenship of a corporation is determined by the state of its incorporation and its principal place of business.

(*Id.*, Ex. 8) (emphasis in orginial).

On January 31, 2013, Rooflifters' counsel responded by stating that the requested information was "irrelevant" and not in its possession but added that it would seek to obtain the information from his client. (*Id.*, Ex. 9.) After receiving no further information for nearly three weeks, Nautilus followed up on its request via email on February 20, 2013. (*Id.*, Ex. 10.) Again, Rooflifters' counsel indicated that the requested information was irrelevant and not in his possession. (*Id.*) Rooflifters did not respond to Nautilus's request at any point thereafter.

Unable to obtain an answer to its straightforward inquiry for nearly two months, Nautilus served discovery upon Rooflifters on March 6, 2013 in the state court action for the limited purpose of ascertaining the identity and residence of each member of Rooflifters, LLC. (*Id.*, Ex. 11.) On April 8, 2013, over one month after Nautilus's most-recent request, Rooflifters responded to the discovery request by indicating that Rooflifters, LLC's comprises two members: Rooflifters Holding Corp. and Mason Harris. (*Id.*, Ex. 12.) This was the first time Nautilus was provided a comprehensive list of the identities and addresses of each member of

Rooflifters, LLC and the first time Rooflifters confirmed that Rooflifters Holding Corporation was a member—as opposed to a mere "owner"—of Rooflifters, LLC. These responses also revealed that Martin Shiff was not a member of Rooflifters, LLC as represented by Rooflifters on January 3, 2013. On April 30, 2013, Nautilus filed its Notice of Removal with this Court.

Based on this record, the Court concludes that Rooflifters' dilatory conduct in failing to provide Nautilus with an answer to its straightforward jurisdictional inquiry delayed Nautilus's filing of its Notice of Removal. A "plaintiff cannot conceal facts necessary to determine whether jurisdiction is secure or otherwise thwart the jurisdictional inquiry with impunity," *Micrometl Corp. v. Tranzact Technologies, Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002)). Indeed at least one district court in this circuit has rejected a plaintiff's motion to remand under nearly identical circumstances. *See Hernandez v. Schering Corporation*, No. 05 C 870, 2005 WL 1126911 (N.D. Ill. May 5, 2005) (notice of removal timely filed where complaint did not identify the citizenship of the plaintiff, the plaintiff waited four months to respond to the defendant's interrogatories seeking to admit facts pertaining to the plaintiff's citizenship, and defendant filed its notice of removal within 30 days of receiving interrogatory responses). It is clear from the record that Nautilus scrutinized the pleadings upon being served, diligently conducted its own independent investigation into the possibility of removal, and timely followed up with Rooflifters after its investigation proved unfruitful. Unable to obtain a meaningful response (and in some cases, any response) to its numerous informal inquiries, Nautilus was ultimately forced to resort to serving formal discovery to obtain the answer it needed to determine whether a Notice of Removal could be filed. Rooflifters' April 8, 2013 responses to Nautilus's discovery requests constitute "other paper" within the meaning of § 1446(b)(2)(C). *See Hernandez*, 2005 WL 1126911, at *2

("Courts construe the 'other paper' requirement to include 'papers that are part and parcel of the State Court proceeding having their origin and existence by virtue of the State Court process,' *Gilardi v. Atchinson, Topeka and Santa Fe Railway Co.*, 189 F.Supp. 82, 85 (N.D. Ill. 1960), and include such 'papers' as 'discovery deposition,' *id.* at 84, [and] 'interrogatory answers,' *Roberson v. Orkin Exterminating Co.*, 770 F.Supp. 1324, 1328 (N.D. Ind. 1991) …."). Because Nautilus filed its Notice of Removal within thirty days of obtaining for the first time information regarding the identity and citizenship of all members of Rooflifters, LLC, Nautilus's Notice of Removal is timely.

## CONCLUSION AND ORDER

For the reasons stated, the Court vacates its June 5, 2013 Order remanding this case to the Circuit Court of Cook County and, having retained jurisdiction over this case, denies as moot Rooflifters' Motion Seeking Transmittal of Remand Order to State Court.

                                                                                  _____
                                                                                  Virginia M. Kendall
                                                                                  United States District Court Judge
                                                                                  Northern District of Illinois

Date: August 1, 2013